8098

## SUMTER PINE AND CYPRESS CO. v. ATLANTIC COAST LINE RAILROAD CO.

1. CARRIER—FREIGHT—PENALTY.—The carrier is estopped from insisting a claim for damages to freight was not filed with the agent nearest destination where there is no agent at destination, and the nearest only meets the trains, and the claim was filed at a station where the agent observes reasonable office hours

2. REHEARING *refused.*

Before DeVore, J., Sumter, April, 1911.    Affirmed.

Action by Sumter Pine and Cypress Company against Atlantic Coast Line Railway Company.    Defendant appeals.

*Messrs. Lucian W. McLemore* and *Mark Reynolds,* for appellant, cite: *Plaintiff had no right to the penalty:* 86 S. C. 511.    *Claim should have been filed with nearest agent:* 86 S. C. 510.

*Mr. L. D. Jennings,* contra, oral argument.

February 23, 1912.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. The following statement appears in the record:

"Action in magistrate's court to recover one 75-100 dollars, value of one hundred pounds of cabbage, and for fifty dollars penalty for failure to adjust same within statutory period. The point of destination had no agent there, and the plaintiff filed his claim with the agent at Sumter, S. C. The nearest point to Rocky Bluff having an agent was Oswego, S. C.

"The Circuit Judge held, that the agent at Oswego must be a 'regular' agent, and not an agent who stays at depot and meets the trains and receives and delivers freight, and who is sometimes absent during the day.

"He affirmed the judgmnt for the penalty, holding that the claim was properly filed. This appeal alone involves the penalty awarded and whether the penal statute was complied with—it being undisputed that Oswego was the nearest station to Rocky Bluff—the point of destination."

His Honor, the presiding Judge, found the facts as follows:

"I find from testimony as matter of fact, that the agent at Oswego did not remain at station, but only met trains and sometimes delivered freight, he being absent from station more than present, and left no one at station in his place, but would lock it up. I find as matter of fact, that plaintiff filed its claim with agent, at the nearest station to such point of destination, having an agent, as contemplated under the statute, which I hold is such an agent, as can be found at such station, during reasonable business hours."

The first question raised by the exceptions is, whether there was any testimony tending to show, that the defendant waived the right to insist upon the objection, that there was a failure upon the part of the plaintiff, to comply with the statutory requirement, that when there is no agent at the point of destination, then the claim shall be filed with the agent, at the nearest station to such point of destination,

having an agent. It is only necessary to refer to the testimony set out, in the first exception, which raises this question, to show that it, cannot be sustained.

It is not necessary to say whether there was any competent . evidence of waiver, as the judgment must be sustained on other grounds.

The material question is, whether his Honor, the presiding Judge, erred in ruling, that the statute contemplated such an agent as could be found at the station, during reasonable business hours.

The statute contemplates the *filing* of the claim with the agent, at the point of destination. If he fails to keep reasonable business hours, such conduct would naturally tend to cause great inconvenience and loss of time to the party filing the claim. The defendant has not the right to impose inconvenience and loss of time upon such party, and if he files his claim with the agent, at the nearest station, where reasonable business hours are kept, it is estopped from raising the objection, that the claim should have been filed at a nearer station.

Judgment affirmed.

MESSRS. JUSTICES WOODS *and* HYDRICK *participate in this opinion and concur.*

PER CURIAM. Petition for rehearing refused by formal order filed April 18, 1912.